ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 14. 2011

Ms. Gail Lowe, Chair
State Board of Education
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0848

Re: Whether the State Board of Education may contract to pay attorney fees out of the corpus of the Permanent School Fund without an appropriation specifically for that purpose (RQ-0920-GA)

Dear Ms. Lowe:

You ask whether the State Board of Education (the "Board") may contract to pay attorney fees out of amounts recovered for the Permanent School Fund (the "PSF") without an appropriation specifically for that purpose and, if so, whether the Board may contract to pay a contingency fee without following the process provided in chapter 2254 of the Government Code .[1] As you explain, the Board is responsible for investing and managing the PSF. Request Letter, *supra* note 1, at 1–3; *see also* TEX. CONST. art. VII, §§ 2, 4, 5 (establishing the PSF, authorizing the Board to direct the investment of proceeds in the PSF, and providing for the use, distribution, management, and investment of assets in the PSF). Your fiduciary counsel has advised "that ascertaining whether [the Board has] suffered an economic loss, as a result of the decline in value of assets it currently holds or in the past held, caused by improper action or inaction of a third party, is a proper and necessary part of discharging its fiduciary duty in monitoring and overseeing its assets." Request Letter, *supra* note 1, at 2. You contemplate directing your fiduciary counsel to evaluate potential claims and, where appropriate, the Board would contract with outside counsel to pursue litigation to recover amounts due to the PSF. *Id.* You wish to know if the Board is authorized to contract to pay for such legal services out of any amounts recovered, without a specific legislative appropriation for that purpose. *Id.* You also wish to know if the Board is authorized to agree to pay such attorney fees on a contingency basis without following the procedures provided in chapter 2254 of the Government Code. *Id.* at 3.[2]

An administrative agency such as the Board has only those powers expressly or impliedly conferred by statute or the constitution. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253

---

[1]*See* Letter from Gail Lowe, Chair, Texas State Board of Education, to Honorable Greg Abbott, Attorney General of Texas at 2–3 (Sept. 23, 2010) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

[2]You acknowledge that any contract to utilize outside counsel would be subject to approval by this office. *Id.* at 3; TEX. GOV'T CODE ANN. § 402.0212(a) (West 2005).

S.W.3d 184, 192–93 (Tex. 2007); *see also* TEX. CONST. art. VII, § 8 (requiring the Legislature to provide for a State Board of Education, which "shall perform such duties as may be prescribed by law"); Tex. Att'y Gen. Op. No. GA-0456 (2006) at 4 (discussing the Board's powers as an administrative agency). Express powers are those that "the law confers upon [an agency] in clear and express statutory language." *In re Entergy Corp.*, 142 S.W.3d 316, 322 (Tex. 2004). Also, a state agency generally has those implied powers that are "reasonably necessary to fulfill its express functions or duties." *Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd. of San Antonio*, 53 S.W.3d 310, 316 (Tex. 2001). However, an "agency may not . . . on a theory of necessary implication from a specific power, function, or duty expressly delegated, erect and exercise what really amounts to a new and additional power or one that contradicts the statute, no matter that the new power is viewed as expedient for administrative purposes." *Pub. Util. Comm'n of Tex. v. GTE-Southwest, Inc.*, 901 S.W.2d 401, 407 (Tex. 1995) (quoting *Sexton v. Mount Olivet Cemetery Ass'n*, 720 S.W.2d 129, 137–38 (Tex. App.—Austin 1986, writ ref'd n.r.e.); *accord Tex. Indus. Energy Consumers v. CenterPoint Energy Houston Elec., LLC*, 324 S.W.3d 95, 106 (Tex. 2010).

No provision of the constitution or any statute expressly authorizes the Board to utilize funds belonging to the PSF to pay attorney fees. *See* TEX. CONST. art. VII, § 8; TEX. EDUC. CODE ANN. §§ 7.102 (West 2006) ("State Board of Education Powers and Duties"), 43.001–.020 (West 2006 & Supp. 2010) (chapter 43, providing for school finance and fiscal management of PSF and available school fund). You suggest, however, that the authority to pay attorney fees out of PSF funds that the attorneys recover may be implied from the Board's "organic authority to manage the affairs of the PSF" under article VII, section 5(f) of the constitution. *See* Request Letter, *supra* note 1, at 2–3 (citing TEX. CONST. art. VII, § 5(f)). Thus, we must determine whether the authority to commit PSF funds to pay private attorneys without a legislative appropriation to that effect may be implied as reasonably necessary to accomplish the Board's constitutional function and duties under article VII, section 5(f).

Article VII, section 5(f) provides:

> Notwithstanding any other provision of this constitution, in managing the assets of the permanent school fund, the State Board of Education may acquire, exchange, sell, supervise, manage, or retain, through procedures and subject to restrictions it establishes and in amounts it considers appropriate, any kind of investment . . . that persons of ordinary prudence, discretion, and intelligence, exercising the judgment and care under the circumstances then prevailing, acquire or retain for their own account in the management of their affairs, not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital.

TEX. CONST. art. VII, § 5(f). By its terms, subsection 5(f) recognizes the Board's management authority and authorizes the Board to establish procedures and restrictions to "acquire, exchange,

sell, supervise, manage, or retain" any kind of investment according to the constitutionally mandated standard of judgment and care. *Id.* We believe that a court would likely conclude that the authority to commit PSF funds to pay private attorneys without a legislative appropriation is not reasonably necessary to accomplish the Board's constitutional function and duties under article VII, section 5(f). To the contrary, a court would likely conclude that such use of PSF funds would contradict article VII, section 5.

Article VII, section 5 specifies and limits the permissible uses of PSF funds, prohibiting the Legislature from "enact[ing] a law appropriating any part of the permanent school fund . . . to any . . . purpose" except as the section provides. *Id.* § 5(c). The section provides for use of the PSF to make distributions to the available school fund, to guarantee certain bonds, and to provide for the administration of a bond guarantee program established under the section. *Id.* § 5(a), (d)–(e). Lastly, section 5(b) provides that the "expenses of managing permanent school fund land and investments shall be paid by appropriation from the permanent school fund." *Id.* § 5(b).

The very nature of the PSF requires that these constitutional limitations on use apply to assets that properly belong to the PSF but have not yet been recovered. The constitution establishes the PSF as a permanent endowment made up of property set aside for that purpose, including all investment of properties belonging to the fund. *See id.* §§ 2, 4, 5(a); TEX. EDUC. CODE ANN. § 43.001(a)(4), (5) (West 2006). As this office has determined, "recoverable permanent school fund lands and other property are part of the corpus of that endowment, and must be treated as such, even before they are actually recovered." Tex. Att'y Gen. Op. No. DM-316 (1995) at 3.

Consequently, the Board may not contract to pay attorney fees from property or funds that properly belong to the PSF unless such use is permitted by article VII, section 5. The only use of PSF funds allowed in article VII, section 5 that conceivably could apply to the payment of attorney fees is found in section (5)(b), which allows the payment of management expenses from the PSF, but only by legislative appropriation. *See* TEX. CONST. art. VII, § 5(b); Tex. Att'y Gen. Op. No. GA-0293 (2005) at 2 (determining that article VII, section 5(b) limits management expenses to amounts appropriated by the Texas Legislature).[3] Consequently, we conclude that the Board is not authorized to contract for attorney fees payable from amounts due to the PSF without a legislative appropriation for that purpose.

You also ask whether the Board may enter into a contract for legal services providing for a contingency fee without following the process in chapter 2254 of the Government Code. Request Letter, *supra* note 1, at 3. Assuming such a contract is authorized, it would be subject to chapter 2254, subchapter C of the Government Code, which applies to all contracts by a state governmental

---

[3]We do not here determine whether attorney fees may reasonably be said to constitute "management expenses" that have been provided for by legislative appropriation, which is a matter for the Board to determine in the first instance, subject to judicial review. *See* TEX. CONST. art. VII, § 5(b). *See also* Request Letter, *supra* note 1, at 3 (suggesting that attorney fees may be an "indirect cost" rather than a management expense requiring an appropriation under article VII, section 5(b), citing Tex. Att'y Gen. Op. No. GA-0293 (2005)).

entity for legal services providing for a contingency fee. TEX. GOV'T CODE ANN. § 2254.102(a) (West 2008). A "state governmental entity" subject to the subchapter is "the state or a board, commission, department, office, or other agency in the executive branch of state government created under the constitution or a statute of the state." *Id.* § 2254.101(3)(A). As the Board is a board created under the constitution, we conclude that, to the extent that it may enter into a contingency fee contract for legal services, it must comply with chapter 2254, subchapter C of the Government Code.

## S U M M A R Y

Article VII, section 5 of the Texas Constitution does not authorize the State Board of Education to utilize funds from the Permanent School Fund to pay attorney fees without an appropriation for that purpose by the Legislature. To the extent that the Board may enter into a contingency fee contract for legal services, it must comply with chapter 2254, subchapter C of the Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee